# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KASPER DOBBS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF IOWA, WOODBURY COUNTY JAIL, DEPUTY JOHN DOE, DEPUTY SANDS, DEPUTY JOHNSON<br><br>　　　　Defendants. | No. C05-4061-EJM<br><br>INITIAL REVIEW ORDER |

　　　　This matter is before the court on the plaintiff's application to proceed in forma pauperis, filed May 9, 2005. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983. Application denied; dismissed.

　　　　During the course of his confinement in Iowa, the plaintiff has filed multiple actions pursuant to 42 U.S.C. § 1983. Those actions include: 1) *Dobbs v. Denniston*, No. 1:04-cv-00028-LRR (N.D. Iowa 2004) (court dismissed as frivolous); 2) *Dobbs v. Snyder, et al.*, 2:04-cv-01007-LRR (N.D. Iowa) (court dismissed as frivolous); 3) *Dobbs v. Carr, et al.*, 1:04-cv-31-LRR (N.D. Iowa 2004) (plaintiff voluntarily dismissed after being warned about filing frivolous cases); 4) *Dobbs v. U.S. Marshals*, 1:04-cv-00077-LRR (N.D. Iowa 2004) (court dismissed without prejudice); 5) *Dobbs v. U.S. Marshals, et al.*, 1:04-cv-00160-LRR (N.D. Iowa 2004) (court dismissed as frivolous); and 6) *Dobbs v. Dubuque Police Department, et al.*, 2:04-cv-01027-MWB (N.D. Iowa 2004) (court dismissed for failing to state a claim upon which relief could be granted). The plaintiff filed unsuccessful appeals in *Dobbs v. Denniston*, No. 1:04-cv-00028-LRR (N.D. Iowa 2004), *Dobbs v. Snyder, et al.*, 2:04-cv-01007-LRR (N.D. Iowa) and *Dobbs v. Dubuque Police Department, et al.*, 2:04-cv-

01027-MWB (N.D. Iowa 2004). With respect to *Dobbs v. Denniston*, No. 1:04-cv-00028-LRR (N.D. Iowa 2004) and *Dobbs v. Snyder, et al.*, 2:04-cv-01007-LRR (N.D. Iowa), the Eighth Circuit Court of Appeals summarily affirmed and determined each appeal constituted a strike for purposes of 28 U.S.C. § 1915(g).[1]

In 1996, Congress enacted the Prisoner Litigation Reform Act to deter frivolous prisoner litigation. *Lyon v. Vande Krol*, 127 F.3d 763, 764 (8th Cir. 1997). The Prisoner Litigation Reform Act requires all prisoners to pay the $250.00 filing fee for civil cases and differentiates among prisoners on method of payment. *See* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Prisoners who have not had three prior cases dismissed as frivolous need only pay a percentage of the fee at the outset and the remainder over time. 28 U.S.C. § 1915(b)(1)-(4). Such litigants will not be barred from pursuing a claim by inability to make the initial required partial payment. *Id.* In contrast, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding in forma pauperis." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

---

[1] Based on his previous cases and appeals, the plaintiff owes $1,620.00 in filing fees. The plaintiff has not submitted any portion of those fees.

Prior to filing the instant action, the plaintiff filed at least three frivolous actions or appeals. *See* 28 U.S.C. § 1915(g). In addition, it is clear from the plaintiff's complaint that he is not under imminent danger of serious physical injury. *Id.* Accordingly, the plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed. The Clerk of Court shall file the complaint for the purpose of making a record.

It is therefore

ORDERED

1. Application to proceed in forma pauperis denied.

2. Dismissed. The Clerk of Court is directed to file the complaint for the purpose of making a record.

May 26, 2005.

**Filed By:**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**

Copies mailed/faxed to counsel of record, pro se parties and others listed here:

5/26/05 - copy to pltf w/nef

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT